Chief Justice Robertson
delivered the Opinion of the Court.
In this case, a bill was filed praying for a rescission of an executory agreement for the sale of a tract of land, on the ground that the vendors have no title, and for an injunction against a judgment which had been obtained by an assignee of a bond given, as alleged, in part consideration of the sale of the land.
The vendors having admitted that they could not make a title, the Circuit Court decreed a rescission of the contract of sale; but the assignee having required proof of the alleged consideration of the bond on which he had obtained his judgment, and there being no positive proof of that consideration, unless the deposition of one of the vendors, (which the Court rejected as inadmissible, on the ground that he was a co-defendant,) was competent evidence, — the injunction against the judgment was dissolved, with damages; and this appeal is brought to reverse the latter decree.
*159 As the testimony of one positive witness would be sufficient to establish the consideration of the bond, the only question to be now considered, is, whether one of the assignors was a competent witness to prove that fact.
It is a general rule that a party cannot' be a witness for or against a co-party. But there are 'exceptions to this rule, even in common lawsuits; and the exceptions are more extensive in suits in chancery. In a suit in equity, a defendant may be a competent witness against a co-defendant, when they were both necessary parties, and when the witness will not be affected by the decree against his co-defendant, and does not swear in favor of his own interest.
In this case, a decree perpetuating the injunction, would not affect the witness or his interest, in such a manner as to render him incompetent to prove the true consideration of the bond: if his interest preponderate either way, the preponderance is on' the side of his assignee, against whom his deposition was given.
We are therefore of the opinion, that the deposition should be evidence in the case, and that, being admitted, it is sufficient proof of the alleged consideration of the bond.
Wherefore, the decree dissolving the- injunction, is reversed, and the cause remanded, with instructions to render a decree perpetuating the injunction to the judgment.